IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD JACKSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  07 C 6514 |
| | ) | |
| v. | ) | |
| | ) | JUDGE DARRAH |
| THE CITY OF CHICAGO, ET AL., | ) | |
| | ) | MAGISTRATE JUDGE BROWN |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL DEPOSITION OF PLAINTIFF AND EXTEND DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING PLAINTIFF**

Defendants, the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, ("Defendants"), by one of their attorneys, David Selmer, Assistant Corporation Counsel for the City of Chicago, respectfully requests this Honorable Court to compel the deposition of Plaintiff Clifford Jackson-Bey, and extend fact discovery for the limited purpose of taking his deposition.

1.　This matter was filed on November 16, 2007.  (*See,* Complaint, Docket No. 1). Defendants were served in December, 2007, and filed their answer in January, 2008.  (*See,* Motion, Docket No. 12, and Answer, Docket No. 14).

2.　In February, 2008, This Court at the initial status hearing ordered discovery closed on June 6, 2008.  (*See,* Order, Docket No. 18).  This Court also ordered at that time a pretrial conference set for October 30, 2008, and a Jury Trial set for November 3, 2008.  *Id.*

3.　Plaintiff was noticed for deposition on March 18, 2008, April 2, 2008, May 21, 2008, May 30, 2008, and June 2, 2008.  (*See,* Notice of Deposition and letters dated March 17, 2008, and April 8, 2008, attached as Group Exhibit "A").

4. There was confusion with the service for the notice of Plaintiff's deposition regarding the March 18, 2008, date. The April 2, 2008, date was cancelled by the undersigned as Plaintiff's answers to written discovery had not yet been received. Plaintiff responded to the May 21 - 23rd notice dates by a phone call on May 24, 2008, in which he agreed to produce the Plaintiff on Friday, May 30, 2008, at 1:00 p.m.. (*See*, letter dated May 20, 2008, attached as Exhibit "B"). On Friday, May 30, 2008, at 11:00 a.m. the undersigned called Plaintiff's counsel to confirm the deposition because the court-reporter service arrived early and wanted confirmation. Plaintiff's counsel related that the deposition of his client would have to be rescheduled because Plaintiff's counsel had a conflict. The deposition was rescheduled to Monday, June 2, 2008, at 1:00 p.m.

5. On June 2, 2008, Plaintiff counsel finally appeared and produced the Plaintiff for his deposition, only to terminate the deposition and walk out with his client after thirteen pages of questioning had taken place. (*See*, transcript of Plaintiff's dep., ordered and not yet received).

6. Plaintiff's counsel stated that the reason for cancelling the deposition was because just prior to the deposition the undersigned tendered to Plaintiff's counsel a cover letter making clear his intent to use at trial a statement Plaintiff made to the Office of Professional Standards on the night of his arrest, although this statement was not yet in Defendants' possession. (*See*, transcript of Plaintiff's dep., ordered and not yet received).

7. Plaintiff's counsel walked out on the deposition although he and his client were fully aware that the statement existed. Plaintiff admitted in the thirteen pages of his deposition that he was aware of having made the recorded statement the day that he made it on November 25, 2006, the night of his arrest. (*See*, transcript of Plaintiff's dep., ordered and not yet received). Moreover, Plaintiff's counsel had to have known about the statement because the discovery

documents *tendered by* Plaintiff's counsel contained the cover page of the statement and the signed signature page of the statement identifying that Plaintiff waived his Miranda rights to make the statement and that he read and signed under oath the statement that was reduced to writing by the OPS investigator on November 25, 2006. (*See*, Cover page and affirmation page of Plaintiff's OPS statement, Plaintiff's Bates-Stamped docs 000042- 000044 respectively, Defendants' copies attached to transcript of Plaintiff's dep., ordered and not yet received).

8. In other words, Plaintiff walked out on a deposition, sticking the Defendants with the court-reporter fees, because he did not want to be deposed without having reviewed a statement that he made that he knew existed for over a year because he did not want to testify inconsistent with that statement.

9. Remarkably, in walking out on Plaintiff's deposition, Plaintiff's counsel blamed the undersigned for his "negligence" in not producing the statement. (*See*, transcript of Plaintiff's dep., ordered and not yet received).

10. The undersigned had requested four times in writing and once in person from the Independent Police Review Agency ("IPRA", formerly known as Office of Professional Standards, or OPS), the entire Complaint Register ("CR") file. (*See*, IPRA requests and responses, attached as Exhibits "C"). These three requests were denied for the stated reason that the investigation was still open.

11. Therefore, as of Plaintiff's deposition, neither the undersigned nor Plaintiff's counsel had Plaintiff's statement to OPS, but both were aware that it existed.

12. Plaintiff had no justifiable grounds for walking out on his deposition.

13. Prior to his deposition Plaintiff made no known attempt to obtain the statement of

his client besides issuing a request to produce. Plaintiff made no effort to obtain the statement pursuant to Rule 37, nor did he seek to compel the Defendants. Further, because Plaintiff may testify at a deposition inconsistent with a statement that Plaintiff made on the date of the incident is not a proper reason to walk out on the deposition of Plaintiff when it was already in progress.

14. In any event, in good-faith, the undersigned treated Plaintiff's walking out of the deposition as a Rule 37 conference. The undersigned agreed with Plaintiff's counsel to file a motion before this Court to extend fact discovery for the limited purpose of taking Plaintiff's deposition at a point in time in which the Plaintiff's OPS statement was obtained, or a determination was made by the Court and/or the parties that the case would have to proceed without use of Plaintiff's OPS statement. (*See*, transcript of Plaintiff's dep., ordered and not yet received). In addition, the undersigned agreed to call IPRA personally and inform them that if IPRA did not produce Plaintiff's statement immediately, that the Plaintiff would be seeking an Order from the court to compel the production of the statement. *Id.* The parties further agreed that Plaintiff's counsel would be filing a motion to compel if IPRA did not agree to comply with the undersigned's request. *Id.*

15. On the same date, June 2, 2008, the undersigned immediately contacted his Deputy, Deputy Corporation Counsel Naomi Avendano, who immediately called IPRA and left a voice-mail message for General Counsel for IPRA, Brenton Williams, asking him to produce Plaintiff's statement before seeking the court to order them to compel the statement.

16. In further good faith, despite the complications at Plaintiff's deposition, the undersigned produced both Defendant Officers the following day, June 3, 2008, for their depositions. Before the depositions took place, the undersigned, contacted Plaintiff's counsel via

4

telephone and got an agreement that Plaintiff's counsel would produce Plaintiff for his deposition before trial even if the motion for extended discovery for the limited purpose of deposing the Plaintiff was not granted and even if the discovery time-period had closed. This agreement was put on the record before the start of Defendant Garcia's deposition. (*See*, transcript of Garcia's dep., ordered but not yet received). The undersigned was concerned that at trial, Plaintiff's counsel would have the advantage of having deposed the Defendants, but Defendants would be at the disadvantage, through no fault of their own, of not having deposed the Plaintiff. Defendants' counsel made specific that the agreement to extend discovery was for the limited purpose of taking Plaintiff's deposition. *Id.*

17. At the end of the Defendant Officers' deposition, Plaintiff's counsel insisted on putting on the record that the Defendants would not agree to a motion to compel the IPRA statement. *See*, *Id.* The undersigned responded that they could not agree to a motion where they would essentially be compelling themselves. However, as of that moment, there had not yet been any response from Brenton Williams of IPRA regarding the production of Plaintiff's statement, and therefore, the Defendants would not oppose any motion to compel the City to produce the statement as it would probably result in an order from the court compelling the IPRA statement, that would probably be met by IPRA with more success than the undersigned had received in the previous attempts to obtain the OPS statements and CR file. *See*, *Id.;* Requests attached as Exhibit "C").

18. The undersigned further related that they would still be agreeing to an extension of discovery for the limited purposes of taking Plaintiff's deposition once a resolution to the status of Plaintiff's statement was made.

19.     Right after the depositions of the Defendant Officers had concluded, Plaintiff's counsel changed his agreement that was placed on the record and stated that he wanted an extension of **all** fact discovery, and not just for the limited purpose of taking the deposition of his client.

20.     As the undersigned was writing this motion, at 1:45 p.m. on June 4, 2008, in fact, almost simultaneously as the undersigned was writing this paragraph, Deputy Corporation Counsel Naomi Avendano produced to the undersigned a file that she received in her mailbox time-stamped as received by the undersigned's office at 1:02 p.m. on today's date, June 4, 2008. (*See*, IPRA file, attached as Exhibit "D").  Attached to the file is a business card for General Corporation Counsel Brenton Williams.  In the file is a four-page statement Plaintiff made to OPS on November 25, 2006, and the same affirmation page that was produced by Plaintiff as document Bates-Stamped No. 000082.  This is the very statement that Plaintiff has known about since he made the statement on November 25, 2006, and the reason why Plaintiff walked out on his deposition.

21.     The undersigned immediately faxed a copy of this statement to Plaintiff's counsel. (*See*, facsimile transmission dated June 4, 2008, at 2:14 p.m., attached as Exhibit "E").

22.     There is no reason or good-faith cause to extend all fact discovery.  This Court has already set a date for pre-trial conference and trial.  (*See*, Order Docket No. 18).

23.     The parties' original agreement to extend fact discovery for the limited purpose of taking Plaintiff's deposition after a resolution of the status of Plaintiff's OPS statement was reached, especially now that the parties have in their possession Plaintiff's OPS statement, would have resolved any issues amicably between the parties.  But because Plaintiff's counsel no longer

agreed to extend discovery for the limited purpose as he originally did, Defendants were left with no choice but to file this motion to compel the deposition of Plaintiff and seek to extend fact discovery for the limited purpose of taking Plaintiff's deposition, or risk suffering the undue prejudice of proceeding to trial without having had an opportunity to depose the Plaintiff.

24. Defendants would have filed this motion prior to the discovery closure date, June 6, 2008, but given the recency of which the issue arose, the earliest date available date for Defendants to bring this motion is Wednesday, June 11, 2008, after discovery will have closed..

25. Defendants respectfully request this Court compel the deposition of Plaintiff and extend discovery for that limited purpose only. As the undersigned has a trial and other necessary depositions scheduled until the week of June 23. The undersigned proposes that this Court order Plaintiff's deposition to be taken on June 23, 24, 26, or 27th at either 10:00 a.m or 1:00 p.m, depending on which date is convenient for Plaintiff's counsel and Plaintiff.

**WHEREFORE**, Defendants the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, for the reason that Plaintiff improperly walked out on a deposition and to prevent undue prejudice to the Defendants by forcing them to go to trial without having deposed the Plaintiff, respectfully request that this Court compel the deposition of Plaintiff and extend fact discovery for this limited purpose on June 23, 24, 26, or 27th at either 10:00 a.m or 1:00 p.m, depending on which date is convenient for Plaintiff's counsel and Plaintiff, and grant any other relief to Defendants that this Court deems appropriate.

Respectfully submitted,

/s/ David Selmer
DAVID N. SELMER
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972

**CERTIFICATE OF SERVICE**

I, David Selmer, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF MOTION** and **DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND EXTEND DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING PLAINTIFF,** to be sent via e-filing to the person named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on June 4, 2007, in accordance with the rules on electronic filing of documents.

/s/ David Selmer
DAVID SELMER
Assistant Corporation Counsel