**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLIFFORD JACKSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  07 C 6514 |
| | ) | |
| v. | ) | |
| | ) | JUDGE DARRAH |
| THE CITY OF CHICAGO, ET AL., | ) | |
| | ) | MAGISTRATE JUDGE BROWN |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO BAR**
**PLAINTIFF'S SIXTEEN WITNESSES NOT PROPERLY OR TIMELY DISCLOSED**

Defendants, the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, ("Defendants"), by one of their attorneys, David Selmer, Assistant Corporation Counsel for the City of Chicago, respectfully requests this Honorable Court to bar Plaintiff's witnesses not properly disclosed, and state as follows:

**SUMMARY OF ARGUMENT**

At 1:49 p.m. on June 5, 2008, the day before the close of discovery, Plaintiff supplemented his 26(a) disclosures and identified (by name only) six individuals, his wife and children, not previously identified as possible witnesses to the occurrence.  Defendants move to bar these witnesses.

Defendants also move to bar an additional ten alleged witnesses that were identified only by name in responses to interrogatories.  According to the Plaintiff, these ten individuals are long time friends from the neighborhood.  To date, Plaintiff has not advised Defendants of their intent to possibly call these individuals at trial.  Moreover, despite Plaintiff's intimate relationship and knowledge of them, no information was provided for the witnesses other than their names.

Federal Rules of Civil procedure 26(a), 26(e), and 37(c), read together provides for the exclusion of these sixteen witnesses. In *Salgato v. Gen. Motors Corp.*, the Seventh Circuit opined that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was justified and harmless." 150 F.3d 735, 742 (7th Cir. 1998). Plaintiff's violation of the rules of discovery and this Court's set dates are not justified or harmless, especially in light of the fact that these sixteen witnesses were either Plaintiff's wife and children or friends he has known for years, and, further, because discovery has closed and a trial date has been set. For these reasons, this Court should bar these sixteen witnesses.

## SUMMARY OF CASE

The Defendants believe the evidence in this case will show the following. Around November 25, 2006, Defendant Officers observed an individual that matched the general description of Haneef Jackson-Bey (Haneef), an individual they recently were assigned as part of a warrant mission to locate and arrest pursuant his outstanding warrant. When the Defendant Officers observed the person they suspected as being Haneef he was located outside the last known address for Haneef. As Defendant Officers approached to investigate whether or not the suspect was Haneef, the suspect looked in the direction of the Defendant Officers and then ran into the residence located at that address. Defendant Officers gave chase.

Plaintiff, Clifford Jackson-Bey, met Defendant Officer Garcia at the door of the residence to which the suspect fled. Defendant Garcia informed Plaintiff of the fact that a suspect wanted on a warrant ran into the residence and asked Plaintiff to produce the individual or allow the officers to enter the residence and investigate. Plaintiff refused. One of the Defendant Officers then called for a supervisor and back-up to get instruction on entering the residence immediately or securing the residence while the officers obtained a warrant to enter the residence.

To protect the safety of the officers, the safety of the Plaintiff, and to prevent against the Plaintiff possibly assisting the suspect in escaping, Defendant Officer Garcia ordered Plaintiff to remain outside the residence until the supervisor arrived and further instruction could be given. Plaintiff again refused. As Plaintiff opened a heavy barred storm door with glass between the bars, Officer Garcia again ordered Plaintiff to remain outside. When Plaintiff continued to enter the residence Officer Garcia grabbed Plaintiff by the arm. Plaintiff then slammed the door on Garcia's arm causing the glass part of the door to shatter and fall and injure Garcia's hand. Officer Garcia then arrested the Plaintiff for obstructing justice and battery to a police officer. Plaintiff was found not guilty at trial.

Plaintiff subsequently filed a Complaint claiming false arrest and excessive force in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and the state-law claim of malicious prosecution.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.      This matter was filed on November 16, 2007. (*See,* Complaint, Docket No. 1). In February, 2008, This Court ordered discovery closed on June 6, 2008. (*See,* Order, Docket No. 18). This Court also ordered at that time a pretrial conference set for October 30, 2008, and a Jury Trial set for November 3, 2008. *Id.*

2.      On January 16, 2008, Plaintiff tendered his Federal Rules of Civil Procedure ("FRCP"), 26(a)(1) disclosures to Defendants. Plaintiff's FRCP 26(a)(1)(A) witness disclosure was as follows:

> "Any and all individuals named in police documents, and/or in transcripts of any criminal court proceedings tendered by plaintiffs to defendants on January 16, 2008, Bates stamped pages 000001-000124."

*See*, Plaintiff's 26(a)s, (attached as Exhibit "A").

3.      Plaintiff did not list in his 26(a)(1)(A) disclosures tendered on January 16, 2008, Anise Sanders-Bey, Taariq Jackson-Bey, Jesus Jackson-Bey, Juwairiyyah Jackson-Bey, Jameelah Jackson-Bey or Khaleeq Jackson-Bey ("six family members").  Plaintiff also never disclosed in his 26(A)(1) disclosure statements the names of Janice Smith, Sidney Johnson, Jimmie Robinson, Renoir Seals, Keith Robinson, John Henry Wardell, Donald Griffin, Jack Creighton, Pat Robinson, or Bill Glaze ("Ten friends") as witnesses.  *See*, Exhibit "A."

4.      Plaintiff's disclosure of the ten friends was in his April 1, 2008, interrogatory response.  Interrogatory No. 3 requested:

> "State the full name and <u>current residence address</u> of <u>each person</u> who witnessed or claims to have witnessed the occurrence that is the subject of this suit (hereinafter referred to simply as the occurrence), and who claims to have been present at the scene immediately before, and/or immediately after the occurrence, and designate each such witness accordingly." (*Emphasis added*)

*See,* Plaintiff's Responses to Interrogatories Nos. 3 and 4 (attached as Exhibit "B").

5.      Plaintiff's response only provided the names of his ten friends.  Plaintiff did not provide any information on how to contact these individuals. *Id.* at No. 3.   The only other information Plaintiff provided for the ten friends was that they were his friends he has "known for years, from the neighborhood." *Id.* at No. 4.  Again, Plaintiff never made it known any intent to possibly call the ten friends as witnesses.

6.      As to the six family members, the first time they were identified as witnesses was at 1:49 p.m. on June 5, 2008, the day before the ordered close of discovery.  *See,* facsimile transmission dated 1:49 p.m., June 5, 2008 ("the fax at close of discovery," attached as Exhibit

"C");[1]  Exhibit "B".[2]

7.     On June 2, 2008, before discovery closed, Plaintiff's counsel instructed Plaintiff

to walk out of Plaintiff's fourth noticed deposition 10 minutes after it started.  Because of

Plaintiff's conduct, Defendants were unable to ask Plaintiff any questions at deposition about

potential witnesses before the close of discovery..  *See*, transcript of Plaintiff's Dep. (Ordered and

not yet received).

## LEGAL ANALYSIS

8.     FRCP 26(a)(1) provides:

"Except in categories of proceedings specified in rule 26(a)(1)(E), or to the extent
otherwise stipulated or directed by order, a party must, without awaiting a
discovery request, provide to other parties:

---

[1] In the fax at close of discovery Plaintiff stated that Defendant Antonsen referenced
the six family members at his deposition.  *Id.*  In his deposition, however, Antonsen testified he was only
aware of people present at the scene of occurrence and that he could not identify them.  *See*, transcript of
Antonsen dep. (Ordered and not yet received).  Defendant Antonsen testified consistently in his
responses to interrogatories.  *See*, Antonsen's Responses to Interrogatories at No. 5, attached as Exhibit
"D," (requesting: "the name and addresses of all persons who: (a) participated in or witnessed the
interaction between Defendants and Plaintiff on November 25, 2006, (b) talked to Plaintiff on November
25, 2006, and (c) observed Plaintiff on that date."  Defendant Antonsen responded subject to objections
as follows:
      "His partner (Defendant Garcia), Sergeant De Vries, and upon information and belief
beat 421 in addition to two or four as yet unidentified officers.  Stating further, there were
unidentified persons in the house, one unidentified female, and one suspect male present at the
location of the occurrence.  Investigation continues.").
      The identities of the persons Antonsen referred to in his responses are still unknown to
Antonsen today.

[2] In fact, the only mention of the six family members at all before 1:49 p.m. the day before
discovery closed was in response to Interrogatory No. 21.  Interrogatory No. 21 requested Plaintiff to
provide the names of all individuals that resided with him on the date of the occurrence.  It requested
nothing about whether these people were witnesses to the incident, and certainly did not provide any
indication as to whom Plaintiff may call as witnesses at trial.  Moreover, Plaintiff provided nothing but
the names of the six family members, and omitted from his response their contact information or his
knowledge that they were witnesses of the occurrence.

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information."

9.    FRCP 26(e) "Supplementation of Disclosures and Responses" provides:

"A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

(1) "A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing..."

(2) "A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

10.    FRCP 37(c) "Failure to Disclose; False or Misleading Disclosure; Refusal to

Admit" provides:

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior discovery response as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion, any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions..."

11.    Federal Rules of Civil procedure 26(a), 26(e), and 37(c), read together

provides for the exclusion of witnesses as a sanction for the improper and/or untimely

disclosure of witnesses. See, 1970 Amendment Advisory Committee Notes for

Subdivision (e). [3]

12.    In *Salgato v. Gen. Motors Corp.* The Seventh Circuit held that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was justified and harmless.", 150 F.3d 735, 742 (7th Cir. 1998).

## **ARGUMENT**

13.    Plaintiff failed to comply with the provisions of FRCP 26(a), 26(e)(1), and 33 by failing to make full disclosure of his ten friends to make a timely and full disclosure of his six family members.  Therefore, pursuant to FRCP 37(c) and *Salgato*, these sixteen witnesses should be excluded from testifying at trial.  *Id.* at p. 742

14.    Defendants are irreparably prejudiced by Plaintiff's non-compliance.  The only witnesses defendants were aware that Plaintiff may call were in his Rule 26 disclosure statement: "Any and all individuals named in police documents, and/or in transcripts of any criminal court proceedings tendered by plaintiffs to defendants on January 16, 2008, Bates stamped pages 000001-000124."  *See,* Plaintiff's 26(a)(1)(A) disclosures (attached as Exhibit "A").

15.    All Defendant Officers have been produced and deposed in this matter.

---

[3]The 1970 Amendment Advisory Committee Notes for Subdivision (e) "Supplementation of Responses" ("Committee Notes") reads:

"Subdivision (e) provides that a party is not under a continuing burden except as expressly provided.  Cf. Note, 68 Harv.L.Rev. 673, 677 (1955).  **An exception is made as to the identity of persons having knowledge or discoverable matters,** because of the **obvious importance to each side of knowing all witnesses** and because information about witnesses routinely comes to each lawyers' attention....The duty will normally be enforced, in those limited instances where it is imposed, through sanctions imposed by the trial court, **including the exclusion of evidence**, continuance, or other action, as the court may deem appropriate."

7

Defendants will prepare for trial on the facts revealed during discovery. To allow Plaintiff's non-disclosed witnesses to testify at trial irreparably prejudices the Defendants since it will be trial by ambush.

16.     Discovery is closed. It was impossible to depose any of Plaintiff's witnesses for the reasons stated above. A pre-trial date has been set for October 30, 2008, and a trial date has been set for November 3, 2008. *See* Order Docket No. 18. Even assuming *arguendo* that these sixteen witnesses could be deposed prior to when the pre-trial order is due, there is no doubt that Defendants would need to conduct further investigation to corroborate or contest the testimony the sixteen witnesses would give at depositions. Given counsel's schedule it is not feasible that all sixteen witnesses could be deposed before the pre-trial order is due. Counsel has scheduled trials for June 16, 2008, August 19, 2008, and September 6, 2008.

17.     Defendant Officers Louis Garcia and Richard Antonsen, just like anyone, are entitled to an efficient and timely resolution of their case.

18.     Just as Plaintiff cannot meet his burden of showing that his discovery violations were harmless, he also cannot meet his burden of showing the violations were justified. With any due diligence Plaintiff could have learned and provided the contact information of each of his witnesses.

19.     The exclusion of these sixteen witnesses should be "automatic." *Sagato*, at 742. Awarding Plaintiff with any action besides the automatic and mandatory exclusion of these witnesses effectively *sanctions the Defendants* for Plaintiff's non-compliance of the rules of discovery and this Court's orders, in addition to being inequitable. The parties were granted an ample amount of time to disclose all relevant witnesses. This Court should not condone

8

Plaintiff's obvious non-compliance. Plaintiff should be barred from calling his sixteen witnesses to testify at trial.

WHEREFORE, Defendants, the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, pursuant to FRCP 26(a), 26(e), 33, 37(c) and Seventh Circuit case law, respectfully request this Court to order the automatic and mandatory exclusion of the sixteen witnesses for which Plaintiff timely and properly disclose: Anise Sanders-Bey, Taariq Jackson-Bey, Jesus Jackson-Bey, Juwairiyyah Jackson-Bey, Jameelah Jackson-Bey, or Khaleeq Jackson-Bey, Janice Smith, Sidney Johnson, Jimmie Robinson, Renoir Seals, Keith Robinson, John Henry Wardell, Donald Griffin, Jack Creighton, Pat Robinson, and Bill Glaze.  Defendants further respectfully request this Court grant any other relief to Defendants that it deems appropriate.

Respectfully submitted,

/s/ David Selmer
DAVID N. SELMER
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972

9

## <u>CERTIFICATE OF SERVICE</u>

I, David Selmer, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF MOTION** and **DEFENDANTS' MOTION TO BAR WITNESSES NOT PROPERLY OR TIMELY DISCLOSED,** to be sent via e-filing to the person named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on June 9, 2008, in accordance with the rules on electronic filing of documents.

/s/ David Selmer
DAVID SELMER
Assistant Corporation Counsel