# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD JACKSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07 C 6514 |
| | ) | |
| v. | ) | |
| | ) | JUDGE DARRAH |
| THE CITY OF CHICAGO, ET AL., | ) | |
| | ) | MAGISTRATE JUDGE BROWN |
| Defendants. | ) | |

## DEFENDANT ANTONSEN'S ANSWERS
## TO PLAINTIFF'S INTERROGATORIES

Defendant, Chicago Police Officer Richard Antonsen, by and through one of his attorneys, David Selmer, Assistant Corporation Counsel of the City of Chicago, hereby states for his answers and objections to Plaintiff's Interrogatories as follows:

1. State your full name (including any other name(s) by which you may have been known to your knowledge), date and place of birth, social security number, driver's license number, present residential address, and all past residential addresses you have had within the last five (5) years.

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks personal information of law enforcement personnel; this information is confidential and disclosure of such information could pose a danger to law enforcement personnel and their families. Defendant objects to this interrogatory to the extent it seeks immaterial and irrelevant information not reasonably calculated to lead to discoverable material relevant to any party's claims or defenses. Subject to and without waiving these objections, Defendant states: Richard Antonsen.

2. Identify each of your employers, in chronological order, for the last ten years, and, with respect to each employer, state:
    a. the name and address of each employer;
    b. the date you began;
    c. the position(s) you held;
    d. a general description of your job duties when you began and any

             subsequent changes in job duties;
    e.    the date of termination;
    f.    the reason for your termination; and,
    g.    whether you were ever subject to any disciplinary measures or proceeding.

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks immaterial and irrelevant information not reasonably calculated to lead to discoverable material relevant to any party's claims or defenses. Subject to and without waiving these objections, Defendant states I have been employed:

- by the Chicago Police Department as a Police Officer for the last 5 years;

- McWilliams Electric; electrician; 1998 – 2003; joined the police department; no discipline.

3. List each high school, college, university, graduate school, trade or technical school, or any other school or training facility or program which you have attended and, with respect to each such school, facility or program, state:
    a.    the name and address of each such school, facility or program;
    b.    your dates of attendance;
    c.    the degrees or certificates, if any, you received;
    d.    the dates of each such degree or certificate; and,
    e.    whether you were ever the subject of any disciplinary proceeding(s) in any of the schools.

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks immaterial and irrelevant information not reasonably calculated to lead to discoverable material relevant to any party's claims or defenses. Subject to and without waiving these objections, Defendant states as follows:

- Brother Rice; 1989-1992; high-school diploma; no discipline.

4. Were you ever in the military service? If so, state:
    a.    your rank;
    b.    your serial number;
    c.    the branch of service you served in;
    d.    the approximate dates of your entry and discharge;
    e.    the type of discharge you received, whether honorable or otherwise, and,

> if it was for medical reasons, so state and describe the medical disability with reasonable specificity; and,
> f.  whether you were ever the subject of any disciplinary proceeding(s) in the military service, and, if so, specify the nature and the outcome of such proceeding(s).

**ANSWER:**   Defendant states as follows: Yes;

- Petty Officer Third Class; United States Navy; 1993-1997; honorable discharge; no discipline.

> 5.  State the name and address of all persons who:
> a.  participated in or witnessed the interaction between Defendants and Plaintiff on November 25, 2006.
> b.  talked to Plaintiff on November 25, 2006.
> c.  observed Plaintiff on that date.
>
> For each witness provide a brief description of what each of these persons witnessed.

**ANSWER:**   Defendant objects to the term "interaction" as vague. Defendant objects to this interrogatory as overbroad in scope and time. Defendant objects to this interrogatory to the extent it seeks personal residential addresses of law enforcement personnel; this information is confidential and disclosure of such information could pose a danger to law enforcement personnel and their families. Defendant further objects to this interrogatory to the extent it calls for speculation, specifically it requires him to testify as to the knowledge of others in regard to what others observed. Subject to and without waiving these objections, Defendant states: his partner, Defendant Officer Garcia, Sergeant Devries, and upon information and belief beat 421 in addition to two or four as yet unidentified officers. Stating further, there were three unidentified males and one unidentified female civilians, in addition to one suspect male present at the location of occurrence. Investigation continues.

> 6.  State the name and star number of each and every employee of the Chicago Police Department who was present at or near the detention and arrest of Plaintiff at 8920 S. mackinaw Ave., Chicago, Illinois; state the time at which each such employee was present and the duties performed.

3

**ANSWER:**   Defendant objects to the term "duties" as vague, on the grounds of foundation, and speculation. Defendant objects to the phrase "or near" is vague in regard to location and overbroad as this it seeks immaterial and irrelevant information not reasonably calculated to lead to discoverable material relevant to any party's claims or defenses. Subject to and without waiving these objections, Defendant states:

Louis Garcia, Star # 16093 was present before, during and after the arrest of plaintiff and upon information and belief, performed his duties as a police officer.

Sgt. Duane De Vries, Star #1894 was present after the arrest of plaintiff and upon information and belief, performed his duties as a sergeant police officer.

Approximately 2-4 as yet unidentified officers were on the scene after the arrest of plaintiff to assist, and upon information and belief, performed their duties as police officers.

Upon information and belief beat 421 was also on the scene to transport Plaintiff.

7. State the names and addresses of all persons that Defendants will call as witnesses at the trial of this manner.

**ANSWER:**   Defendant has not yet made any such designation or determination. Defendant reserves the right to do so and will make timely disclosures thereof to Plaintiff's counsel pursuant to the Federal Rules of Civil Procedure and further order of the Court. Stating further, Defendant refers Plaintiff to Defendants' Rule 26(a)(1) disclosures and any supplements thereto.

8. State the name and address of any expert witness that the Defendants may call at the trial.

ANSWER:   Defendant has not yet made any such designation or determination as to the use of expert witnesses at trial of this matter. Defendant reserves the right to do so and

will make timely disclosures thereof to Plaintiff's counsel pursuant to the Federal Rules of Civil Procedure and further order of the Court.

9. State the name and address of any person, other than those listed above, who has knowledge of any of the events described in Plaintiffs complaint or of any of the defenses that will be interposed by Defendants.

**ANSWER:** Defendant objects to this interrogatory to the extent it calls for speculation, specifically relating to the knowledge of other persons. Defendant objects to the term "defenses" as requiring a legal conclusion. Defendant objects to this interrogatory to the extent it seeks the disclosure of protected attorney-client communications in regard to "defenses that will be interposed." Subject to and without waiving these objections, Defendant states only the individuals listed in interrogatories above or may be found in paperwork produced pursuant to Defendants 26(a) disclosures.

10. State whether you have ever been a defendant in any lawsuit brought pursuant to the United States Constitution, or 42 U.S.C. Sec. 1981,1983,1985, and/or 1986 and, if so, indicate:
    a. the caption and case number of the case;
    b. what court it was filed in;
    c. when it was filed;
    d. by who or whom it was filed; and,
    e. the disposition of the case, or the current status of the case if no disposition has been reached;

**ANSWER:** Defendant objects to this interrogatory to the extent it seeks immaterial and irrelevant information not reasonably calculated to lead to discoverable material relevant to any party's claims or defenses. Subject to and without waiving this objection, Defendant states:

    No, not that I can recall at this time.

11. State whether you have ever been a defendant in any lawsuit brought pursuant to the common law or statutes of Illinois and, if so, indicate:
    a. the caption and case number of the case;
    b. what court it was filed in;

      c.     when it was filed;
      d.     by who or whom it was filed; and,
      e.     the disposition of the case, or the current status of the case if no disposition has been reached.

**ANSWER**: Defendant objects to this interrogatory to the extent it seeks immaterial and irrelevant information not reasonably calculated to lead to discoverable material relevant to any party's claims or defenses. Subject to and without waiving this objection, Defendant states: No, not that I can recall at this time.

12. State whether you have ever had disciplinary complaints filed against you with the Chicago Police Department and/or the Office of Professional Standards, or any other law enforcement department. List all such charges by number, name of complainant, and indicate the disposition, if any of the charge.

**ANSWER**: Defendant objects to this interrogatory to the extent it seeks immaterial and irrelevant information not reasonably calculated to lead to discoverable material relevant to any party's claims or defenses.

13. Do you know of any documents, objects and/or tangible things which are not presently within your possession or control which, if they were, would be producible pursuant to plaintiffs first Rule 34 Demand for Production of Documents? If so, describe in detail such documents, objects and/or tangible things and indicate who is the present custodian of them.

**ANSWER**: Defendant objects to this interrogatory to the extent it call for a legal conclusion. Subject to and without waiving this objection, Defendant states: not at this time. Investigation continues.

14. List the names and addresses of all persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER**: Defendant objects to this interrogatory to the extent it calls for speculation. Subject to and without waiving this objection Defendant is not presently aware of any persons responsive to this request that has not already been heretofore listed in answers to these

interrogatories above. Investigation continues.

15. State whether you suffered any physical injuries as a result of your encounter with the Plaintiff. If so, were you treated by any physician or medical personnel for such injuries? If so, did you submit an injury on duty report or record your injuries on any police reports or records or any other document? If so, did you miss any time from work?

**ANSWER:** Defendant states: No, I did not receive any personal injuries.

16. Have you ever been arrested, detained or cited by a police officer, or other law enforcement, regulatory or administration official, for any offense (including juvenile offenses? If yes, state for each arrest and/or detention:
    a. the date on which you were arrested, detained or cited;
    b. identify the law enforcement agency and officers who arrested, detained or cited you;
    c. identify the charges filed or cited against you; and,
    d. state the disposition of those charges.

**ANSWER:** No.

17. Do you have or know of any statements from any person, including yourselves, which refer or relate to the incidents and injuries in Plaintiffs complaint other than privilege attorney-client statements? If so, identify each such person, the date of said statement, state whether such statement was written, oral, or otherwise recorded, and, if written or otherwise recorded, who now has custody of any such statement.

**ANSWER:** Defendant objects to this interrogatory as overbroad in scope and time, ~~unduly burdensome, and on the grounds that this interrogatory calls~~ for a narrative response better suited for deposition. Subject to and without waiving these objections, Defendant states: Plaintiff made statements at the scene of his arrest not verbatim but in essence "No, No," in response to Defendant Garcia stating in essence that he needed to enter the house to get the person that ran inside. Stating further, Defendant spoke with Sgt. De Vries and Defendant Garcia at the scene and station regarding the occurrence and processing of the Plaintiff. In addition, Defendant in essence asked the three unidentified males and one unidentified female question about the location of the male suspect, and asked the male suspect about his identify and the purpose behind his taking flight. Stating further, Defendant refers Plaintiff to the statements in the reports and documents previously produced to Plaintiff as part of the 26(a)

disclosures.

18. State the name of all police officers who were in plain clothes who joined the Defendants at 8920 S. Mackinaw Ave., Chicago, IL, on November 25, 2006.

**ANSWER:** Defendant Officer Garcia, Sgt. De Vries, upon information and belief, beat 421, and an additional two to four as yet unidentified officers. Investigation continues.

Respectfully submitted,

DAVID SELMER
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6905
Atty. No. 06283972

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANT ANTONSEN'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES,** to be delivered to the following person named below by sending same via messenger delivery on this 5th day of May, 2008.

        Kevin Peters
        Attorney at Law
        407 South Dearborn Street, Suite 1675
        Chicago, Illinois 60605
        (312) 697-0022

        _____
        DAVID SELMER
        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6905
Atty. No. 0628397

## ATTESTATION

I, Richard Antonsen, being first duly sworn on oath, state that I have read the foregoing document, and the answers made herein are true, correct and complete to the best of my knowledge and belief.

_____
Richard Antonsen

Signed and sworn to before me
on this 05 day of MAY 2008

_____
Notary Public

> Official Seal
> Calvon C Witchard Jr
> Notary Public State of Illinois
> My Commission Expires 08/04/08

Respectfully submitted,

_____
David Selmer
Assistant Corporation Counsel

Suite 1400
30 N. LaSalle St.
Chicago, Illinois 60602
(312) 744-6905