IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD JACKSON-BEY,<br>    Plaintiffs,<br><br>v.<br><br>OFFICERS L.J. GARCIA, STAR #16093,<br>R. ANTONSEN, STAR #19692, and<br>THE CITY OF CHICAGO,<br>    Defendants. | )<br>)<br>)<br>) No. 07 C 6514<br>)<br>) Honorable John Darrah,<br>) Presiding<br>)<br>) |

**PLAINTIFF'S RESPONSE TO MOTION TO BAR**

Plaintiff, CLIFFORD JACKSON-BEY, through his attorneys, THOMAS PETERS and KEVIN PETERS, states:

1. Defendants have filed a Motion to Bar sixteen witnesses, even though Defendants never conferred with Plaintiff's counsel, never filed a Motion to Compel, and have suffered no harm. But see F.R.Civ.P. 37(a)(2)(B) - requiring parties to confer before seeking sanctions. Because exclusion of relevant testimony is an extreme and disfavored remedy, Defendants' motion should be denied. See Sherrod v. Lingle, 223 F.3d 605, 612 (7th Cir. 2002); Weiland v. Linear Construction, 2002 WL 31307622 (N.D. Ill. 2002) - holding that even when a party complies with Rule 37 before seeking sanctions, the alleged failure to disclose must be prejudicial.

2. Plaintiff filed his complaint on November 16, 2007, (Doc. No. 1), the

Defendants were served on November 21, 2007, (Doc. No. 9) and appearances were filed on behalf of the Defendants on December 27, 2007.  (Doc. No. 10)

3. Defendants then requested an extension of time (Doc. No. 12), which was granted on January 15, 2008.  (Doc. No. 15) Their Answer was filed the next day.  (Doc. No. 16)

4. At a status hearing on February 7, 2008 the Court set a discovery end date of June 6, 2008.  (Doc. No. 18) At the same time the Court set October 30, 2008, for a final pretrial conference, and November 3, 2008, for trial.

5. After the February 7th status hearing the parties exchanged written discovery (interrogatories and requests to produce documents).  By April 14, 2008, Plaintiff had answered Defendants' interrogatories and Defendants' request to produce documents. (See Exhibits 1 and 2 attached)

6. In his answers to interrogatories, Plaintiff identified ten witnesses who observed the incident alleged in the Complaint.  So, as of April 14, 2008, Defendants knew that Janice Smith, Sidney Johnson, Jimmie Robinson, Renoir Sacks, Keith Robinson, John Henry Wardell, Donald Griffin, Jack Creighton, Pat Robinson, and Bill Glaze were witnesses who might be called at trial.  (See Exhibit 1, No. 3)

7. From April 14, 2008, to June 6, 2008, (discovery close date) Defendants' counsel never inquired about the addresses of those ten, named witnesses.  By failing to even inquire about the addresses of the named witnesses Defendants waived their right to

later complain that they were unable to depose theses witnesses. Rule 37 (a)(2)(B) requires "a certification that the movant (Defendant) has in good faith conferred or attempted to confer" before filing seeking any sanctions..

8.  During the time allotted by this Honorable Court for discovery, Defendants a) did not confer with Plaintiff's counsel concerning the addresses of the ten listed witnesses and b) did not file a motion to compel disclosure of those addresses.  Defendant, therefore, failed to comply with Rule 37 and is not entitled to sanctions of any sort.

9.  Defendants waited two months after Plaintiffs disclosed the names of the addresses to file their Motion to Bar.  During those two months, Defendants failed to comply with Rule 37 and then, after discovery closed, Defendants filed their motion - a delay that more than hints at sandbagging by Defendants.

10.  Rather than confer, as required by Rule 37, or attempt to reach a mutually acceptable resolution, as commended by common sense, Defendants took the most extreme step and filed their Motion to Bar.  But see, <u>Spina v. Forest Preserve of Cook County</u>, 2001 WL 893842 (N.D. Ill. 2001) - a sanction, even when warranted, must be appropriate to the alleged violations.  To this day, Plaintiff is not opposed to a limited extension of discovery to allow Defendants to depose these witnesses, even though Defendants should have deposed the witnesses before June 6, 2008.

11.  After Defendants finally inquired about the addresses of the ten, named witnesses, Plaintiff promptly secured addresses for some of those witnesses.  (See Exhibit

3) Plaintiff also offered to agree to an extension of discovery to allow for the depositions of those witnesses. Defendants would suffer no harm, if they were allowed to depose the ten, named witnesses. Rather than file an agreed motion asking the Court's permission to extend discovery, Defendants ignored Rule 37 and filed their Motion to Bar. Therefore, even if Defendants had complied with Rule 37, their motion should be denied.

12. Any harm Defendants suffer now is self-inflicted. Defendants should have requested more information about the witnesses before discovery closed. In the alternative, Defendants now should accept Plaintiff's offer to allow for the untimely depositions of the ten previously, named witnesses. Since the final pretrial conference is more than two months away and the trial is three months down the road, there is ample time to take the depositions without changing the trial date. Assuming the court were to grant a limited extension of discovery. Therefore, as to the ten named ( in April, 2008) occurrence witnesses, Defendants' motion should be denied.

13. With respect to Plaintiff's disclosure, shortly before the close of discovery, of six family members as potential witnesses, Defendant have only themselves to blame.

14. Plaintiff attempted to depose the named Defendant officers in February and April but the depositions did not proceed until May 28, 2008, just eight days before the close of discovery. During those late May depositions of the officers, Plaintiff learned that the officers claimed to have direct, personal contact with several of Plaintiff's family members while inside Plaintiff's home.

15. Most of the relevant conduct occurred outside Plaintiff's home so Plaintiff did

not, and still does not, intend to call any of these six family members in his case in chief. However, these six witnesses are potential rebuttal witnesses, depending on what the officers' testimony is during the trial.

16. Plaintiff disclosed the names of these family members as potential rebuttal witnesses as soon as Plaintiff realized that they might be necessary to rebut the Defendant officers' testimony. And that did not become apparent until the officers were deposed in May, 2008.

17. Furthermore, Plaintiff had previously (April 14, 2008) identified them as persons with whom Plaintiff resided. (Exhibit 1, No. 21) Based on that disclosure, the officers knew that these six witnesses were potential rebuttal witnesses, depending on the officers' accounts of what happened inside the home. Defendants therefore have suffered no harm and are not entitled to any relief.

WHEREFORE, Plaintiff prays the Court will deny the Motion to Bar.

Respectfully submitted,

S/ Kevin Peters
THOMAS PETERS
KEVIN PETERS
ATTORNEYS FOR PLAINTIFF
407 S. Dearborn St., Suite 1675
Chicago, IL 60605
(312) 697-0022