IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD JACKSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  07 C 6514 |
| | ) | |
| v. | ) | |
| | ) | JUDGE DARRAH |
| THE CITY OF CHICAGO, ET AL., | ) | |
| | ) | MAGISTRATE JUDGE BROWN |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO BAR PLAINTIFF'S SIXTEEN WITNESSES**

Defendants, the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, ("Defendants"), by one of their attorneys, David Selmer, Assistant Corporation Counsel for the City of Chicago, respectfully request that this Honorable Court strike Plaintiff's Response to Defendant's Motion to Bar Sixteen Witnesses and state as follows:

**INTRODUCTION**

Defendants were notified for the first time of Plaintiff's intent to call his six family members as witnesses in this case the day before discovery closed and have yet to be informed whether Plaintiff intends on calling his ten friends and neighbors of eighteen years of which Plaintiff has disclosed contact information for well after the close of discovery and after the motion to bar these witnesses.  On June 26, 2008, this Court entered an order granting Plaintiff a generous twenty-eight days to respond to the motion, or by July 24, 2008.  Plaintiff did not file any response by July 24, 2008.  *See,* Order Docket No. 27.  On July 31, 2008, one week tardy, Plaintiff filed a response without first seeking leave to file the response *instanter* or for an

extension of time to respond.  Defendants respectfully request that this response be striken and that this Court grant Defendants' motion to bar the sixteen witnesses.

## ARGUMENT

Plaintiff's untimely response is an example of his untimely actions in conducting discovery in this case.  Plaintiff has shown no respect for the rules of discovery, the time frames set by this Court, or Defendants' time.  Anything besides striking Plaintiff's response and granting Defendants' motion to bar would result in undue prejudice to Defendants and reward Plaintiff for his negligence and disrespect of this Court and Defense counsel.

Moreover, Plaintiff's position in his response is untenable.  In his response Plaintiff tries to shift the onus of discovering Plaintiff's witnesses to the Defendants.  Plaintiff's suggest that Defendants have an obligation to not only ask for the witnesses, but also follow up to make sure all the information required for Plaintiff to use them at trial is provided by the Plaintiff.   There is no rule of civil procedure and no court that would agree that Defendants have such an obligation to chase Plaintiff in order to discover the proper requirements of his witnesses.

The questions for this Court to decide remain: (1) Was Plaintiff to provide Defendants with a timely list of who they may call as a witness at trial with appropriate contact information, and (2) did Plaintiff provide such information in accordance with this Court's orders and the rules of discovery.

Under Federal Rules of Civil Procedure (FRCP) 26(a) Plaintiff was "*without awaiting a discovery request*" provide such a list and identify the subjects of the information. FRCP 26(e) requires that **a party that has made a disclosure under subdivision (a) or responded to a request for discovery...is under a duty**" to supplement this information *at appropriate intervals* if the information "has not otherwise been made known to the other parties during discovery.  Clearly

the onus is on the party seeking to call the witnesses at trial to timely and properly disclose the witnesses. The onus is not, as Plaintiff suggests, on Defendants to guess who Plaintiff may call at trial, to what they may testify, and also to go and locate the witnesses. That is not the spirit of discovery. Plaintiff absolutely had a duty to disclose who he was going to call as a witness and provide proper information. Did Plaintiff do so? Absolutely not.

Plaintiff has never updated his 26(a)s to include his intent to call as witnesses any of his ten long-term friends. It is now known by a letter tendered to Defendants on July 14, 2008, *after* the close of discovery and *after* the filing of the motion to bar these witnesses, that these long-term friends who have known Plaintiff for approximately sixteen years **live as neighbors on the same block as Plaintiff.** And on July 14, 2008, Plaintiff only provided the addresses of seven of the ten long-term friends and still has not provided *any* contact information for the remaining three long-term friends who are alleged witnesses. *See,* Response at p. 3, ¶ 11. Since the filing of this lawsuit Plaintiff admits to having discussions with all ten of these long-term friends about, among other things, **this case and what they allegedly observed of the occurrence.** The contact information and the substance of their alleged knowledge is exactly what Plaintiff had the onus to timely provide to Defendants. This could have been easily accomplished with any practice of due diligence. It was not timely or properly provided, and therefore, Plaintiff should be barred from calling these individuals as witnesses at trial.

As to the six family members, only as late as 1:49p.m. via facsimile on July 5, 2008, the day before the close of discovery, does Plaintiff amend his 26(a) disclosures to include them. These are his wife and kids of which he resided on the date of the incident and   He has not listed their contact information and has not provided a description of what his wife and kids may testify

3

to. The fact that Plaintiff felt it necessary to update his 26(a)s at all is suggestive that Plaintiff himself believes that he did not previously properly disclose these.

Plaintiff suggests that Defendants had the duty to have a Rule 37 conference before filing the motion to bar. First, Plaintiff wants this Court to believe there is no FRCP 26(a) requirement. Defendants do not have an obligation to even ask for the names of these witnesses under FRCP 26(a), yet Plaintiff remarkably contends without any authority that "by failing to even inquire about the addresses of the named witnesses Defendants waived their right to later complain they were unable to depose these witnesses." Response at p. 2, ¶ 7. Plaintiff admits that he had knowledge of these witnesses from the **time of the incident** but has never identified them as witnesses he *may* call. Second, by disclosing only the family members as possible witnesses the day before discovery closes, Plaintiff deprived Defendants of sufficient notice to ask via a Rule 37 conference that Plaintiff properly disclose the witnesses. Again, Plaintiff is incorrectly shifting the onus of disclosing the proper information of witnesses *he wants to call* at trial onto the Defendants.

Defendants had no intention of trying to depose these witnesses as they are the close friends and family members of Plaintiff. If Plaintiff wasn't going to call them in his case in chief as he represented until the day before discovery closed, the Defendants certainly were not going to spend the time, money, and resources to locate and depose witnesses that had such obvious bias.

Plaintiff suggests that Defendants "should have deposed the witnesses before June 6, 2008." Response at p. 3, ¶ 10. This is ludicrous and shows how Plaintiff completely misses the

point of the motion to bar when, as explained above Plaintiff **never told** Defendants of his intent to call these witnesses.

Plaintiff contend that Defendants should now, in the alternative "accept Plaitniff's offer to allow for the untimely depositions of the ... witnesses." *See*, Response at p. 4, ¶ 12. First, this is rewarding Plaintiff for his negligence. Second, Defense counsel are engaged in trials and trial preparation and cannot schedule the depositions of sixteen witnesses. Martin just completed a trial and has two back to back in September after returning from her vacation in August. Selmer has a three-week trial commencing August 18, 2008, and another in mid-September. Both attorneys are engaged in discovery matters on several other pending cases that have been scheduled for August and September for at least a month prior. Moreover, Plaintiff still has not provided Defendants with sufficient notice as to what he anticipates these witnesses will testify at trial if they are not barred.

Plaintiff's last ditch effort is now to state that the six family members are potential rebuttal witnesses. Plaintiff knew these witnesses from day one, and lived with them at the time of the incident. The first time Plaintiff ever indicated he may call them as rebuttal witnesses is in the last two paragraphs of his response. Clearly Plaintiff is desperate and attempting to set up a back door way of keeping the witnesses from being barred at trial because of his disregard for the discovery rules and this Court's time-frame. This Court should not be fooled by Plaintiff's last-minute trickery, and should grant Defendants' motion.

**WHEREFORE**, Defendants the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, for the reason that Plaintiff did not timely respond to Defendants' Motion to Bar in accordance with this Court's generous briefing schedule, and did not seek leave

to week properly or timely disclose his six family members or ten long-term friends and neighbors as witnesses. Therefore, this Court should strike Plaintiff's response as untimely. Moreover, as Plaintiff's response is untenable for the reasons stated above, Defendants request that this Court grant their Motion to Bar Plaintiff's Sixteen Witnesses and grant any other relief to Defendants that this Court deems appropriate.

                Respectfully submitted,

                /s/ David Selmer
                DAVID N. SELMER
                Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972