## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6514 | **DATE** | 9/4/08 |
| **CASE TITLE** | Jackson-Bey v. Garcia, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to bar [22] is granted in part and denied in part.

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

    Plaintiff, Clifford Jackson-Bey, brought suit against Defendants, the City of Chicago and Chicago Police Officers Louis Garcia and Richard Antonsen, based on injuries he sustained during an encounter between himself and Defendant-Officers on November 5, 2006. Defendants have moved to bar sixteen of Plaintiff's witnesses as not properly disclosed.
    Plaintiff filed his Complaint on November 16, 2007. The Court set the close of discovery for June 6, 2008, and a trial date for November 3, 2008. On January 16, 2008, Plaintiff tendered his Rule 26(a)(1) disclosures to Defendants. Plaintiff's disclosure under Rule 26(a)(1)(A)(i) did not specify any individual by name but, rather, directed Defendants to "Any and all individuals named in police documents, and/or in transcripts of any criminal court proceedings tendered by plaintiffs to defendants on January 16, 2008 . . . ." On April 1, 2008, Plaintiff responded to an interrogatory by Defendants requesting the name and current address of any witnesses to the encounter between Plaintiff and the Defendant-Officers. Plaintiff's response provided the names, but not the addresses, of ten of Plaintiff's friends: Janice Smith, Sidney Johnson, Jimmie Robinson, Renoir Seals, Keith Robinson, John Henry Wardell, Donald Griffin, Jack Creighton, Pat Robinson and Bill Glaze. On June 5, 2008, Plaintiff sent a facsimile to Defendants, purporting to supplement his Rule 26(a)(1) with the names of six family members: Anise Sanders-Bey, Taariq Jackson-Bey, Jesus Jackson-Bey, Juwairiyyah Jackson-Bey, Jameelah Jackson-Bey and Khaleeq Jackson-Bey. Defendants argue that these sixteen potential witnesses must be barred under Federal Rules of Civil Procedure 26(a), 26(e), and 37(c).
    Turning first to the six family members, Defendants argue that those six witnesses should be barred from testifying because Plaintiff supplemented his Rule 26(a) disclosure on the day before discovery closed. Plaintiff replies he had not intended to call the six family members as witnesses until he learned in late May of 2008 that Defendant-Officers claimed to have had contact with them on the day of the incident. Plaintiff

**STATEMENT**

contends, the six family members will be called only as rebuttal witnesses, thereby placing them outside the scope of Rule 26(a) disclosures. To the extent, then, that the six family members will be called as rebuttal witnesses, their testimony is not barred under Rule 37(c).

With regard to the Plaintiff's ten friends who witnessed the incident, Defendants have not made a convincing case that their testimony should be barred. Although their names may not have been disclosed in Plaintiff's Rule 26(a) disclosure, Defendants were put on notice via Plaintiff's interrogatory responses on April 1, 2008, that those individuals had witnessed the incident. While Plaintiff's interrogatory response may not have provided all the information that Defendants requested in terms of those individuals' addresses, it was Defendants' burden to move to compel production of that information under Rule 37(a) before seeking sanctions.

Therefore, Defendants' motion is granted to the extent it seeks to bar the testimony of the six family-member witnesses for purposes other than rebuttal. Defendants' motion is denied in all other respects.